UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                                :

UNITED STATES OF AMERICA

                                                                                :

    -v.-                                                                               16 Cr. 695 (AKH)

                                                                               :

MICHAEL BOOTH,

                                                                               :

        Defendant.

                                                                               :
------------------------------------------------------------x

## GOVERNMENT'S SENTENCING MEMORANDUM

                                                                     JOON H. KIM
                                                                     Acting United States Attorney for the
                                                                     Southern District of New York
                                                                     One St. Andrew's Plaza
                                                                     New York, New York 10007

Danielle R. Sassoon
Assistant United States Attorney
- Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2017

**By ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Michael Booth**,
              16 Cr. 695 (AKH)

Dear Judge Hellerstein:

      The Government respectfully submits this letter in advance of the sentencing of Michael Booth, currently scheduled for April 7, 2017 at 11:00 a.m. As set forth in the Final Presentence Investigation Report dated March 29, 2017 ("PSR"), the applicable United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") range is 8 to 14 months' imprisonment. The PSR recommendation is time served (approximately six months). (PSR at p. 23).

      Booth was charged by federal criminal complaint on September 7, 2016, with assaulting Court Security Officers and injuring the property of the United States, (Dkt. 1), and was arrested on October 3, 2016. The defendant was indicted under the same charges on October 18, 2016. (Dkt. 7). On February 1, 2017, the defendant pleaded guilty pursuant to a plea agreement to Count One of the Indictment, assaulting Court Security Officers.

      The assault arose when several Court Security Officers tried to stop Booth from writing on the wall of the U.S. Bankruptcy Courthouse in Manhattan. (PSR ¶¶ 8-10). Booth refused to desist, and then resisted the officers' effort to subdue him. (PSR ¶¶ 9-13). It took five officers to restrain Booth, and in the course of doing so, the officers sustained injuries as a result of Booth struggling against them, including by spitting, shoving, head-butting, and biting. (PSR ¶¶ 10-11). The injuries Booth inflicted included bruises, bleeding, and scratches. (PSR ¶¶ 12-14).

      As set forth in the PSR, the applicable Guidelines range is 8 to 14 months' imprisonment. While the parties agree about the applicable range, the Government disputes the defendant's calculation of the amount of time the defendant has already served. By arguing that at the time of sentencing, the defendant will be 21 days shy of the low end of his Guidelines range, it appears that the defendant is calculating the time already served from the date of Mr. Booth's

Hon. Alvin K. Hellerstein
March 31, 2017
Page 2

initial arrest on August 29, 2016.  But between August 29, 2016, and Mr. Booth's federal arrest on October 3, 2016, Mr. Booth was not in federal custody.  Rather, he was receiving medical treatment at Bellevue hospital.  By the Government's calculation, Mr. Booth will have served approximately six months in federal prison by the time of his sentencing on April 7, 2017.  Probation agrees with that calculation.  (PSR at p. 23).

      As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).   Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 596.  After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law.  *Id.* at 50 & n.6.

      Mr. Booth has a lengthy criminal history of mostly minor offenses, as well as a lengthy history of mental health difficulties.  The defendant's sentencing submission documents the difficult upbringing of the defendant, as well as his challenging life circumstances.  As set forth in the defendant's sentencing submission, defense counsel has developed a plan designed to improve the odds of the defendant's rehabilitation, successful mental health treatment, and reentry into the community.  The Government agrees that under Section 3553(a), the Court should consider these circumstances in imposing a sentence that is sufficient, but not greater than necessary to serve the legitimate purposes of sentencing.

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney

By: /s/ Danielle R. Sassoon
    Danielle R. Sassoon
    Assistant United States Attorney
    Southern District of New York
    (212) 637-1115

cc:    Robert M. Baum, Esq. (by electronic mail)